O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6121 AHM (SHx) | Date | November 18, 2008 |
|---|---|---|---|
| Title | AARON HIMALAYA ROBERTS v. CITY OF HERMOSA BEACH, *ET AL.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:           Attorneys **NOT** Present for Defendants:

**Proceedings:**           IN CHAMBERS (No Proceedings Held)

On November 17, 2008, this Court held a hearing on Defendants' three motions for summary judgment.  It ruled orally on two of those motions, and took under submission Defendants' Motion for Summary Adjudication of Plaintiff's Municipal Liability Claim for Relief Under *Monell*.

The Court now finds that of the eleven declarations and testimony transcripts described in Plaintiff's Opposition to the Motion, Plaintiff identified seven that involve allegations of force by Hermosa Beach police officers.  These include the declarations of Frank Hallstein, Ryan Flanagan, Craig Bague, Ian Crockford, Ben Smith, and Geoffrey Neilson, and the testimony of Anthony Lubrano.[1]  Plaintiff provided no information as to whether these declarations were associated with any lawsuit that had been litigated or adjudicated, or whether any court had made findings as to the veracity or legal significance of the accounts.  Moreover, Plaintiff failed to inform the Court that in 2002 a district court held that Hallstein's allegations were insufficient to survive summary judgment, in part because "[a]t no time during the short encounter between Plaintiff and Bohacik did Bohacik touch Plaintiff, use physical force or assert his authority." *Hallstein v. City of Hermosa Beach, et al.*, CV 01-6202, at *7 (C.D. Cal. July 31, 2002).  The remaining six accounts relied upon by Plaintiff allege incidents of varying levels of force, occurring over the course of nearly five years.  That, on average, amounts to 1.2 incidents per year.  The Court holds that a reasonable jury could not find that these accounts are sufficient to show a policy or widespread pattern of abuse, or to show that the city is

---

[1] Plaintiff also described events witnessed by a "Dan Hughes," but did not attach any declaration or testimony by Hughes.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6121 AHM (SHx) | | Date | November 18, 2008 |
|---|---|---|---|---|
| Title | AARON HIMALAYA ROBERTS v. CITY OF HERMOSA BEACH, *ET AL.* | | | |

deliberately indifferent to the use of excessive force by its police officers.  The Court notes that in a recent § 1983 case brought against Hermosa Beach, Judge Morrow examined similar evidence proffered in support of a *Monell* claim (the case was brought by at least one of the attorneys who represents Plaintiff in this case) and held that "six wrongful arrests over a four-year period does not constitute a widespread pattern of abuse."  *Myers, et al. v. City of Hermosa Beach, et al.*, CV 06-716, at *56 (C.D. Cal. June 8, 2007).

Plaintiff also relies on "An Independent Report to the Hermosa Beach Police Department on Use-of-Force/Deadly Force Policies, Procedures, and Training." Although the report identified some areas in which the department's policies and practices could be improved, the report concluded that "a review of investigative reports revealed that the level of force used by Hermosa Beach police officers was almost always reasonable, justified, and in compliance with law, policy, and contemporary practice." The Court finds that a reasonable jury could not find that this report, even coupled with the other "evidence," establishes a policy or widespread pattern of wrongdoing, or deliberate indifference to the use of excessive force.

Plaintiff has proffered no other evidence that would allow a reasonable jury to find in its favor on the *Monell* claims.  The Court therefore GRANTS Defendants' Motion for Summary Adjudication of Plaintiff's Municipal Liability Claim for Relief Under *Monell*.[2]

The Court also DENIES as MOOT Plaintiff's Ex Parte Application for Relief from Appearance at Mediation Proceedings.[3]

| | : | |
|---|---|---|
| Initials of Preparer | | SMO |

---

[2] Docket No. 41.

[3] Docket No. 95.